IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| ALBERT BOWMAN, JR., ) | |
| ) | |
|   Movant, ) | |
| ) | |
| v. ) | Civil Action No. 2:18-01235 |
| ) | Criminal Action No. 2:16-00171 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|   Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 39); and (2) Movant's Motions to Amend Section 2255 (Document Nos. 45, 49, and 55). By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 40.)

**FACTUAL BACKGROUND**

A. **Criminal Action No. 2:16-00171:**

By Indictment filed on September 13, 2016, Movant was charged with one count of distribution of a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) (Count One); two counts of distribution of a quantity of fentanyl in violation of 21 U.S.C. § 841(a)(1) (Counts Two and Three); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (Count Four). (Criminal Action No. 2:16-00171, Document No. 1.) On May 18, 2017, Movant pled guilty to one count of distribution of a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) (Count One). (Id., Document Nos. 26, 29, 30.) A Presentence Investigation Report ["PSR"] was prepared. (Id., Document No. 55.) The District Court

determined that Movant had a Base Offense Level of 24, and a Total Offense Level of 23, the Court having applied the following: A two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon; and A three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b).[1] (Id., Document Nos. 35 and 36.) The District Court sentenced Movant on August 14, 2017, to serve a total term of 63-months imprisonment, to be followed by a three-year term of supervised release. (Id., Document Nos. 32 and 34.) The District Court also imposed a $100 special assessment. (Id.) Movant did not file a direct appeal.

**B.      Section 2255 Motion:**

On August 16, 2018, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[2] (Civil No. 2:18-01235, Document No. 39.) As grounds for *habeas* relief, Movant argues as follows: (1) Prosecutor misconduct; (2) Ineffective assistant of counsel; (3) Lack of jurisdiction; and (4) Section 841(a)(1) is unconstitutionally vague. (Id.)

On January 22, 2019, Movant filed his "Motion Under Federal Rule of Civil Procedure 15(c) to Relate Back to his Original § 2255 Motion." (Document No. 45.) On May 6, 2019, Movant filed a "Motion for Leave to File Amended Motion to Vacate, Set Aside or Otherwise Correct a Federal Sentence Codified as 28 U.S.C. § 2255 Pursuant to the Federal Rules of Civil Procedure 15" and his proposed Amended Motion. (Document No. 49 and 50.) On March 5,

---

[1] The District Court determined that Movant was subject to the advisory guideline range of 84 to 105 months. (Criminal Action No. 2:16-00171, Document No. 35.) The District Court granted a downward departure. (*Id.*)

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2020, Movant filed a letter-form Motion to Amend. (Document No. 55.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been,

but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94

S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

1. **<u>Motions to Amend</u>:**

On January 22, 2019, Movant filed his "Motion Under Federal Rule of Civil Procedure 15(c) to Relate Back to his Original § 2255 Motion." (Document No. 45.) Movant states that he wishes to supplement his Section 2255 Motion to include additional allegations of ineffective assistance of counsel. (<u>Id</u>.)

On May 6, 2019, Movant filed a "Motion for Leave to File Amended Motion to Vacate, Set Aside or Otherwise Correct a Federal Sentence Codified as 28 U.S.C. § 2255 Pursuant to the Federal Rules of Civil Procedure 15" and his proposed Amended Motion. (Document No. 49 and 50.) In his Amended Motion, Movant states that he amends his Section 2255 Motion to request that the Court "amend his PSR to reflect a deletion of the 2 point enhancement for possession of a firearm so that he may receive the full benefits for a successful completion of the RDAP program." (Document No. 50.) Movant further states that he "formally dismisses all claims contained in his original § 2255 motion, except his request to amend his PSR accordingly." (<u>Id</u>.)

On March 5, 2020, Movant filed another letter-form Motion to Amend. (Document No. 55.) Movant again states he would like "to drop the claims in my pending 2255 except the request to amend my PSR to reflect a deletion of the enhancement for possession of a firearm so that I may receive the benefits of participation in RDAP." (<u>Id</u>.) Movant states that he does not seek that his sentence be vacated or reduced, but only that he receives all RDAP benefits. (<u>Id</u>.)

Based upon Movant's most recently filed Motions to Amend (Document Nos. 50 and 55), the undersigned respectfully recommends that Movant's Motion to Amend filed on January 22, 2019 (Document No. 45) be **DENIED as moot**. The undersigned will now consider Movant's other two Motions to Amend (Document Nos. 50 and 55.) Rule 12 of the Rules Governing

Section 2255 Proceedings for the United States District Courts provides that the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2255 proceedings. Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend his pleadings "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] motion to amend should be denied only where it would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Marfork Coal Co. v. Smith, 2011 WL 744727 (S.D.W.Va. Feb. 23, 2011)(J. Berger)(citations omitted). If the statute of limitations bars a cause of action, an amendment may be denied as futile. See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000). "When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances." See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000)(holding that amendments to a § 2255 motion made after the expiration of the one-year statute of limitations did not relate back to the original motion and were therefore untimely and futile). Rule 15(c)(1) provides that an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - - or attempted to be set out - - in the original pleading." Thus, an amendment is appropriate and timely under the applicable statute of limitations when it relates back to the original pleading.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

[AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

    (1)    The date on which the judgment of conviction becomes final;

    (2)    The date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

    (3)    The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

The Court will first consider the timeliness of Movant's Motions under Section 2255(f)(1). Movant's Judgment Order was entered on September 12, 2017, and his sentence became final 14 days later when he did not file a Notice of Appeal (September 26, 2017). On May 6, 2019, and March 5, 2020, Movant filed Motions to Amend. (Civil Action 2:18-01235, Document Nos. 50 and 55.) Movant's Motions to Amend were filed well outside the one-year statute of limitations under Section 2255(f)(1). Movant's Motions are clearly untimely unless one of Section 2255(f)'s other subsections applies. There is, however, no allegation or indication that one of Section 2255(f)'s other subsections apply. The undersigned will now consider whether Movant's proposed amendments relate back to his original Section 2255 Motion.

Movant's proposed amendment concerns his firearm enhancement, and the undersigned finds that such does relate back to his original Section 2255 Motion (Civil Action 2:18-01235, Document Nos. 50 and 55.) In his Amendment, Movant appears to challenge his firearm

enhancement and request that such be removed from the PSR. (Id.) Movant states that the District Court indicated during sentencing that the Court intended for Movant to receive a one-year reduction for his completion of the RDAP program. (Id.) In his original Section 2255 Motion, Movant argued that the District Court improperly attributed him with a firearm enhancement. (Document No. 39.) Accordingly, the undersigned respectfully recommends that Movant's Motions to Amend (Document Nos. 50 and 55) filed on May 6, 2019 and March 5, 2020, be **GRANTED**. Based upon the granting of Movant's forgoing motions to amend and his request to withdraw all other claims, the undersigned respectfully recommends that all other claims in Movant's original Section 2255 Motion (Document No. 39) be **DENIED as moot**.

**2.    Appellate Waiver:**

In his Amended Motions, Movant appears to challenge the validity of his sentence. (Civil Action No. 2:18-1235, Document Nos. 50 and 55.) Specifically, Movant argues that he improperly received an enhancement under the U.S.S.G. for possessing a firearm. (Id.) Movant requests that the firearm enhancement be removed from his PSR. (Id.)

The undersigned notes that by his written Plea Agreement, Movant agreed to waive his rights to appeal his conviction and sentence directly and challenge them under Section 2255 except on grounds of ineffective assistance of counsel. (Criminal No. 2:16-00171, Document No. 30, pp. 5 - 6.) It is well established that a defendant may waive his right to appeal or collaterally attack his conviction and sentence if the waiver was entered into knowingly and voluntarily. See United States v. Johnson, 410 F.3d 137 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). "To determine whether a waiver is knowing and intelligent, this court examines 'the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea

agreement.'" United States v. Johnson, 480 Fed.Appx. 229, 230 (4th Cir. 2012)(citation omitted). Generally, the waiver is valid and enforceable if a Court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy. Id.

The undersigned finds that Movant's Plea Agreement and appellate waiver were voluntary and intelligent. Movant does not argue that his waiver was made unknowingly or unintelligently.[3] A review of the Plea Agreement further reveals that the waiver was clear and unambiguous. Specifically, the Plea Agreement stated, in pertinent part, as follows:

> Mr. Bowman knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 26, regardless of criminal history category. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as the sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 23.
>
> Mr. Bowman also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.
>
> The waivers noted above shall not apply to post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(Criminal Action No. 2:16-00171, Document No. 30, pp. 5 – 6, ¶ 11.) Considering Movant's educational background, the record reveals that Movant graduated high school and attended two years of college. (Id., Document No. 36, pp. 23 - 24.) Additionally, Movant's criminal history reveals that he is experienced with the criminal justice system. (Id., pp. 12 – 19.) During the Plea

---

[3] Further, a review of the Plea Agreement and transcripts of the Plea Hearing reveals that Movant's plea was made knowingly and intelligently.

Hearing, the terms of the Plea Agreement were thoroughly reviewed with Movant and he acknowledged that he understood the terms and consequences of signing the Plea Agreement. Further, the District Court thoroughly explained the appellate waiver to Movant during the Rule 11 colloquy and Movant acknowledged that he understood and agreed to the waiver. Based on the foregoing, the undersigned finds that Movant's appellate waiver is valid as it was entered into knowingly, intelligently, and voluntarily.

Although appellate waivers are valid, the Fourth Circuit has refused to enforce valid appellate waivers in a narrow class of claims. United States v. Jones, 538 Fed.Appx. 285, 287 (4th Cir. 2013). Specifically, the Fourth Circuit has refused to enforce valid appellate waivers in following narrow class of claims: (1) A defendant's challenge to "a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race" (See United States v. Martin, 961 F.2d 493 (4th Cir. 1992)); (2) A defendant's challenge to a "sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel (See United States v. Attar, 38 F.3d. 727 (4th Cir. 1994); United States v. Johnson, 410 F.3d 137 (4th Cir. 2005)); and (3) The enforcement of the valid waiver would result in a miscarriage of justice (See Johnson, 410 F.3d at 151)). It is well recognized, however, that alleged errors in a district court's calculation of a petitioner's Guidelines range does not result in a sufficient miscarriage of justice unless the error causes the court to impose a sentence exceeding the statutory maximum. United States v. Foote, 784 F.3d 931, 939 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999). In Foote, the Fourth Circuit considered whether a petitioner's *habeas* challenge to his sentence, which was based on a subsequently nullified career offender designation, was a fundamental

defect that inherently results in a miscarriage of justice. Foote, 784 F.3d at 932. The Fourth Circuit explained that it declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [a petitioner] was (and on remand, would again be) sentenced under an advisory Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." Id. at 941(emphasis in original). In the instant case, Movant was sentenced under the advisory Guidelines and his sentence (63 months) clearly did not exceed the statutory maximum (20 years). The undersigned, therefore, finds that the alleged error in calculating Movant's advisory Guideline range does not constitute a miscarriage of justice overcoming Movant's valid appellate waiver. See Jones, 538 Fed.Appx. at 287(finding no miscarriage of justice sufficient to overcome the appellate waiver where defendant argued the district court erred in calculating his Guideline range by including his uncounseled state court conviction in his criminal history score); also see United States v. Alexander, 2020 WL 973395, * 1 (4th Cir. Feb. 28, 2020)(concluding that defendant's purported claim of Guideline error "falls within the scope of Alexander's valid appeal waiver"); United States v. Thornsbury, 670 F.3d 532, 538-39 (4th Cir. 2012)(Errors in computing a defendant's sentence does not render a sentence "illegal" or an appellate waiver unlawful. In entering into a plea agreement containing an appellate waiver, the petitioner assumed "the risk of unforeseen legal errors involving his sentence, and in exchange, he received increased certainly regarding the length of that sentence."); Sotirion v. United States, 617 F.3d 27, 36 (1st Cir. 2010)(Recognizing that the miscarriage of justice exception is meant for only "egregious cases" and should be applied "sparingly and without undue generosity." Finding that examples of miscarriage of justice include claims where a defendant's sentence exceeded the maximum

statutory penalty or violated a material term of the plea agreement – not "garden-variety" claims of error. A miscalculation of the advisory guidelines range is precisely the kind of "garden-variety" claim of error contemplated by the appellate waiver.); United States v. Andis, 333 F.3d 886, 892 (8th Cir. 2003)(finding that the miscarriage of justice exception is "extremely narrow" and noting that "an allegation that the sentencing judge misapplied the Sentencing Guidelines . . . is not subject to appeal in the face of a valid appeal waiver."); Baxter v. United States, 2018 WL 3764092, * 3 (W.D.N.C. Aug. 7, 2018)(finding that petitioner's sentence did not exceed the statutory maximum and an miscalculation of petitioner's criminal history does not give rise to a constitutional issue). In the instant case, Movant's Plea Agreement contained an "Agreement on Sentencing Guidelines." (Criminal Action No. 2:16-00171, pp. 4 -5, 10.) Specifically, the Plea Agreement provided that the United States and Movant agreed that Movant would receive a two-point enhancement under the Sentencing Guidelines for possession of a firearm. (Id., p. 5.) During the Plea Hearing, the District Court specifically discussed the foregoing and Movant acknowledged that he understood and agreed to such. The undersigned, therefore, finds that Movant waived his right to challenge the alleged error of attributing him with an enhancement for possessing a firearm. See Tribble v. United States, 2018 WL 5116540 (S.D.W.Va. Sept. 25, 2018), *report and recommendation adopted by*, 2018 WL 5116495 (S.D.W.Va. Oct. 19, 2018)(J. Chambers)(defendant's appellate waiver barred his request for the deletion of a firearm enhancement from his PSR); Brooks v. United States, 2011 WL 6002932, * 2 (E.D.Tn. Nov. 30, 2011)(finding the appellate waiver in defendant's plea agreement barred his request for the deletion of a firearms enhancement from his PSR.) Accordingly, the undersigned respectfully recommends that the District Court determine that Movant's above *habeas* claim is

precluded by his appellate waiver. Notwithstanding the foregoing, the undersigned will consider Movant's request for the Court to revise Movant's PSR to exclude the firearm possession.

3.      **Request to Revise PSR:**

Citing United States v. Fraley, 2007 WL 1876455 (E.D.Ky. June 27, 2007), Movant requests that the Court amend his PSR to remove all references to his possession of a firearm. (Document Nos. 50 and 55.) Movant requests that his firearm possession be removed from his PSR, so that he may receive the full benefit of his completion of RDAP. (Id.) Specifically, a one-year reduction of his sentence by the BOP pursuant to 18 U.S.C. § 3621(e)(1). (Id.) Movant alleges that "this Court recommended that [Movant] participate in the RDAP program [and] the Government did not oppose such." (Document No. 50, p. 1.) Thus, Movant states that he "seeks to receive the benefits of successful completion of RDAP in accord with this Court's recommendations." (Id., p. 4.)

Title 18 U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To effectuate this mandate, the BOP is required to ensure that all "eligible prisoners" "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of the RDAP, prisoners with non-violent offenses may receive a reduced sentence up to one year upon completion of the program as follows:

**(2) Incentive for prisoner's successful completion of treatment program. - -**

**(A) Generally.** – Any prisoner who, in the judgment of the Director of the

> Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such condition on determining that substance abuse has recurred.
>
> **(B) Period of custody.** - - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Section 3621, however, does not set forth the criteria for eligibility for early release. Rather, the statute vests the BOP with discretionary authority to determine when an inmate's sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining eligibility for early release. Title 28 C.F.R. § 550.55[2]

---

[2] Title 28, C.F.R. § 550.55 sets forth in part, the following eligibility requirements:
  (a) Eligibility. Inmates may be eligible for early release by a period not to exceed twelve months if they:
    (1) Were sentenced to a term of imprisonment under either:
      (i) 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense; or
      (ii) D.C. Code § 24-403.01 for a nonviolent offense, meaning an offense other than those included within the definition of "crime of violence" in D.C. Code § 23-1331(4); and
    (2) Successfully complete a RDAP, as described in § 550.53, during their current commitment.

  (b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
  * * *
    (5) Inmates who have a current felony conviction for:
    * * *
      (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
      (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or
    * * *

provides in part that inmates who have a "current felony conviction" for an offense that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are ineligible for early release consideration. 28 C.F.R. § 550.55(b)(5)(ii) and (iii). The BOP explains this eligibility criteria in Program Statement ["P.S."] 5162.05 stating that inmates whose current offense is a felony that "[i]nvolved the carrying, possession, or use of a firearm or other dangerous weapon or explosive" shall be precluded from receiving certain Bureau program benefits. P.S. 5162.05 § 4 identifies offenses that at the director's discretion shall preclude an inmate's receiving certain Bureau Program benefits. Section 4(b) of P.S. 5162.05 provides that a person convicted of a drug offense under 21 U.S.C. § 841 and 846, who has received a two-level sentencing enhancement for possession of a firearm or dangerous weapon, has been convicted of an "offense that will preclude the inmate from receiving certain Bureau program benefits." Accordingly, P.S. 51620.05 precludes early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B), for any inmate whose drug conviction under 28 U.S.C. § 841 or 846 was enhanced based upon possession of a firearm because "possession of a dangerous weapon during the commission of a drug offense poses a substantial risk that force may be used against persons or property." P.S. 5162.05 § 4.

---

> (c) Early release time-frame.
> (1) Inmates so approved may receive early release up to twelve months prior to the expiration of the term of incarceration, except as provided in paragraphs (c)(2) and (3) of this section;
> (2) Under the Director's discretion allowed by 18 U.S.C. 3621(e), we may limit the time-frame of early release based upon the length of sentence imposed by the Court;
> (3) If inmates cannot fulfill their community-based treatment obligations by the presumptive release date, we may adjust provisional release date by the least amount of time necessary to allow inmates to fulfill their treatment obligations.

In United States v. Fraley, 2007 WL 1876455 (E.D.Ky. June 27, 2007), Fraley filed a Section 2255 Motion requesting the removal of a two-level enhancement for possession of a dangerous weapon in her PSR. United States v. Fraley, 2007 WL 1876455 (E.D.Ky. June 27, 2007). Fraley explained that the above requested amend was necessary so that she could receive a sentencing reduction upon completion of the RDAP program. Id., 2007 WL 1876455, at * 1. The Eastern District of Kentucky granted Fraley's Section 2255 motion and removed Fraley's sentencing enhancement for possession of a dangerous weapon from the PSR. Id. at * 1 – 2. The Eastern District of Kentucky explained that the Government's response to the Motion contained no objection, and it was clearly the court's intention when sentencing Fraley that she would be eligible for early release upon completing the RDAP program. Id.(noting that a review of the sentencing transcripts revealed "it was clearly the district court's intent that upon completion of RDAP, Fraley should be eligible for credit on her sentencing pursuant to 18 U.S.C. § 3621(e).")

As recognized by the United States Supreme Court, a sentencing court's reliance on false or improper assumptions when increasing a sentence is a cognizable error under *habeas corpus*. See Tapia v. United States, 564 U.S. 319, 131 S.Ct. 2382, 180 L.Ed.2d. 357 (2011). Fraley, however, is an Eastern District of Kentucky decision and is non-binding authority upon this Court. Furthermore, this Court has previously considered and rejected the application of Farley. See Tribble v. United States, 2018 WL 5116540 (S.D.W.Va. Sept. 25, 2018*), report and recommendation adopted by*, 2018 WL 5116495 (S.D.W.Va. Oct. 19, 2018)(J. Chambers). In Tribble, this Court distinguished Fraley explaining that the Government did object to Tribble's motion and there was "no indication that it was intended for Tribble to be eligible for early release or sentence credit for his completion of RDAP." Tribble, 2018 WL 5116540, at * 5. This

Court further determined that Tribble's claims should be dismissed for the following reasons: (1) The claim was untimely; (2) The claim was barred by the appellate waiver contained in his plea agreement; and (3) The claim was procedurally barred. Id. at * 4 – 5. Additionally, this Court has noted that other courts considering Section 2255 Motions relying on Farley "have distinguished, as well as questioned, the decision of Fraley and have declined to apply the reasoning or relief accorded in that case." Tribble, 2018 WL 5116540, at * 3(collecting cases). The Northern District of West Virginia has also considered and rejected the application of Fraley. See Cline v. United States, 2011 WL 6965661 (N.D.W.Va. Nov. 14, 2011), *report and recommendation adopted by*, 2012 WL 42156 (N.D.W.Va. Jan. 9, 2012). The Northern District denied Cline's motion after determining that the "sentencing court did not rely on Petitioner's early release under the RDAP program when determining his sentence." Id. at * 2. The Northern District noted that "[w]hile the Government encouraged the court, and the court did in fact recommend the RDAP program, the court never factored the RDAP program into its decision." Id.(noting that review of the sentencing transcripts and the Court's statement of reasons revealed "no reference to the possibility of a year reduction in sentence upon completion of the RDAP program").

Furthermore, numerous other district courts, including courts in the Eastern and Western Districts of Kentucky, have distinguished Fraley and found it to be inapplicable to the facts of their cases. Suarez v. United States, 2018 WL 9372474 (S.D.Fl. July 30, 2018)(distinguishing *Fraley* where there was no indication in the record that the Court wanted defendant to participate in RDAP, or to be granted early release upon successful completion); United States v. Medina, 2017 WL 5505795 (D.Mont. Nov. 16, 2017)(rejecting the application of *Fraley* where the sentencing court's purpose for recommending defendant's participation in RDAP was solely for

treatment – "the prospect of early release was not a factor"); Caudle v. United States, 2014 WL 991731 (W.D.Ky. March 13, 2014)("Unlike the claim in *Fraley*, however, the government here expressed no intention that the defendant should be eligible for early release with participation in the RDAP."); United States v. Tenorio, 2016 WL 6809179 (D.Colo. Oct. 6, 2016)(finding *Fraley* was non-binding authority, and the facts were distinguishable where the defendant was convicted of using a firearm and it was not the intention of the Court, or the prosecutor, that defendant would be eligible for earlier release based on successful completion of RDAP); Brooks v. United States, 2011 WL 6002932 (E.D.Tn. Nov. 30, 2011)(finding that even if *Fraley* was "correctly decided," *Fraley* was factually distinguishable where it was only the intent of the Court for defendant to participate in RDAP and "it was not the Court's intent nor the intent of the government that he be eligible for early release upon completion of the program."); United States v. Howard, 2011 WL 3739051 (E.D.Ky. Aug. 23, 2011)(concluding that *Fraley* was non-binding authority, and the facts were distinguishable because (1) the Government objected to the Motion and (2) there was no intent or mistaken belief by the sentencing court that defendant would receive a sentencing reduction upon completion of RDAP).

     Although the District Court recommended that Movant participate in the RDAP program, and the Government failed to object to such, there is absolutely no indication that the Court made the recommendation intending for Movant to receive a sentencing reduction upon completion of the program. During the Sentencing Hearing, the District Court thoroughly explained its reasoning for the imposed sentence, and its reasoning is completely void of any reference to Movant's participation in the RDAP program. Specifically, there is no indication that the District Court factored in a possible RDAP sentencing reduction when imposing Movant's sentence. Movant's possible participation in RDAP was not discussed by the Court, or any party, until

18

*after* Movant's sentence was imposed. A review of the sentencing transcripts reveals that *after* the District Court explained its reasoning for the imposed sentence, the District Court inquired of the Movant and defense counsel if there were any other recommendations they would like for the Court to make to the BOP. In response to the District Court's inquiry, defense counsel requested the District Court to recommend Movant's placement in the RDAP program. Thus, it was only *after* the imposition of Movant's sentence, and a request by defense counsel, that the Court recommended that Movant "be evaluated for and placed in any and all appropriate drug treatment programs offered by the Bureau of Prisons." Similarly, the District Court's statement of reasons contained in the Sentencing Order makes no reference to the possibility of a sentence reduction upon completion of the RDAP program. (Criminal Action No. 2:16-000171, Document No. 35.) The undersigned, therefore, concludes that the District Court's purpose for recommending Movant's placement in RDAP was for drug treatment – not the prospect of early release. The record is absolutely void of any indication that the District Court considered Movant's placement in RDAP, and a potential sentencing reduction for successful completion, when imposing Movant's sentence. The undersigned, therefore, respectfully recommends that the District Court conclude Movant is not entitled to *habeas* relief. The undersigned, however, applauds Movant's participation in the RDAP program and encourages Movant to continue his efforts for a successful completion of the program.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY as moot** Movant's first Motion to Amend (Document No. 45), **GRANT** Movant's second and third Motion to Amend (Document Nos. 49 and 55), **DENY as**

**moot** Movant's first Section 2255 Motion (Document No. 39), **DENY** Movant's Amend Section 2255 Motion (Document No. 50), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: March 19, 2020.



Omar J. Aboulhosn
United States Magistrate Judge